**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ABRAHAM GRANT**                                                    **PETITIONER**

**v.**                            **CASE NO. 5:12CV00416 JLH-BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge J. Leon Holmes.  Mr. Grant – or any party – may file

written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   **Background**

In 2003, a Phillips County jury found Abraham Grant guilty of capital murder and first-degree battery. The trial court sentenced him to an aggregate term of life in prison, without the possibility of parole, to be served in the Arkansas Department of Correction.

Mr. Grant filed a direct appeal of his conviction with the Arkansas Supreme Court. As his sole point on appeal, he argued that the trial court erred in admitting statements into evidence under the dying declaration exception to the hearsay rule. The Supreme Court found Mr. Grant's argument to be without merit and affirmed the judgment of the trial court. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). Mr. Grant did not seek timely post-conviction relief with the trial court under Rule 37 of the Arkansas Rules of Criminal Procedure.

On February 22, 2005, Mr. Grant filed a habeas corpus petition in this Court under 28 U.S.C. § 2254, challenging his capital murder and first-degree battery convictions. He raised the following grounds for relief: (1) he was denied the right to a speedy trial; (2) there was insufficient evidence to support the convictions; (3) jury misconduct;

(4) conflicting statements from witnesses; (5) Captain David Lovell changed his statement on the witness stand "from that which was in the motion discovery on the investigation report sheet," and (6) ineffective assistance of counsel.

On October 3, 2005, United States Magistrate Judge John F. Forster, Jr., dismissed the habeas petition with prejudice, finding that Claims 1, 3, and 6 were procedurally barred and that the other claims were without merit.  *Grant v. Norris*, No. 5:05CV00058, 2005 WL 2885514 (E.D. Ark. Oct. 3, 2005).  Mr. Grant filed a notice of appeal, which the Court of Appeals for the Eighth Circuit treated as an application for a certificate of appealability.  On September 7, 2006, the Eighth Circuit Court denied the application for a certificate of appealability and dismissed the appeal. *Grant v. Norris*, No. 05-4039 (8th Cir. Sept. 7, 2006).

In 2006, Mr. Grant filed a *pro se* petition for writ of mandamus and a *pro se* petition for declaratory judgment in the Phillips County Circuit Court, attacking the credibility of witnesses at his trial and alleging errors by the trial court in the admission of evidence at trial.  The Phillips County Circuit Court denied the petitions, finding that the appropriate avenue for Mr. Grant's claims was an appeal from his convictions, not a petition for writ of mandamus or petition for a declaratory judgment.  Mr. Grant appealed to the Arkansas Supreme Court, which dismissed the appeal, holding that a mandamus action was not a substitute for an appeal, and that a declaratory judgment action could not serve as a means to re-argue evidentiary issues that could have been, or were, raised in a

criminal trial.  *Grant v. State*, No. CR 07-224, 2007 Ark. LEXIS 282 (Ark. Sup. Ct. May 3, 2007).

Mr. Grant filed a second § 2254 petition with this Court on May 8, 2007, claiming that the jury sentenced him in violation of Arkansas statutes and rules of evidence and "on speculation and conflicting testimony."  He also alleged that the trial court improperly denied him a hearing on his petition for writ of mandamus and petition for declaratory judgment and that the Arkansas Supreme Court dismissed his appeal without holding a hearing "due to [his] being without counsel."  He claimed that the state courts' actions violated his right to equal protection.

On May 22, 2007, Judge Forster issued proposed findings and recommendations, concluding that the petition was a second or successive habeas application filed without authorization from the Eighth Circuit Court.  Judge Forster recommended that the petition be summarily dismissed, without prejudice, for lack of jurisdiction.  On May 30, 2007, Chief District Judge J. Leon Holmes adopted Judge Forster's findings and recommendation and dismissed the petition without prejudice.  *Grant v. Norris*, No. 5:07CV00097, 2007 WL 1576018 (E.D. Ark. May 30, 2007).

On June 6, 2007, Mr. Grant filed a notice of appeal.  On June 8, 2007, Judge Holmes denied his application for a certificate of appealability.  On July 5, 2007, the Eighth Circuit Court of Appeals denied Mr. Grant's application for a certificate of

appealability and dismissed the appeal.  *Grant v. Norris*, No. 07-2359 (8th Cir. July 5, 2007).

In June of 2007, Mr. Grant filed a petition to correct illegal sentence in Phillips County Circuit Court, under Ark. Code Ann. § 16-90-111, claiming that his sentence for capital murder was illegal and violated his right to due process because he was not charged with that offense, but rather with first-degree murder.  The circuit court treated the filing as a Rule 37 petition and denied relief on June 15, 2007, finding that it had no merit.  Petitioner appealed to the Arkansas Supreme Court, arguing that the circuit court had violated his right to due process by changing the charge from first-degree murder to capital murder, an offense for which he had not been charged.  Petitioner's appeal was dismissed.  *Grant v. State*, No. CR 07-784, 2008 WL 616056 (Ark. Sup. Ct. Feb. 7, 2008).

On December 18, 2007, Mr. Grant filed a § 2254 petition in this Court, again attacking his conviction for capital murder, claiming that the circuit court violated his right to due process by sentencing him on the offense of capital murder, an offense for which he was not charged, and by changing the charge from first-degree murder to capital murder.  Judge Forster issued proposed findings and recommendations, again concluding that the petition was a second or successive habeas corpus petition filed without authorization from the Eighth Circuit Court.  He again recommended that the petition be dismissed summarily for lack of jurisdiction.  On February 19, 2008, Judge Holmes

5

adopted Judge Forster's  findings and recommendation and summarily dismissed the habeas corpus petition, without prejudice, for lack of jurisdiction.  *Grant v. Norris*, No. 5:07CV00315 JLH (E.D. Ark. Feb. 19, 2008).  On April 23, 2008, the Eighth Circuit Court denied the application for a certificate of appealability and dismissed the appeal. *Grant v. Norris*, No. 08-1516 (8th Cir. Apr. 23, 2008).

On March 19, 2008, Mr. Grant filed yet another § 2254 petition in this Court, attacking his conviction for capital murder and battery in the first degree.  In that petition, he argued that the trial court erred in admitting statements of the deceased as a dying declaration, thereby violating his Fifth and Fourteenth Amendment rights.  Judge Forster issued proposed findings and recommendations, concluding that the petition was another successive habeas application filed without authorization from the Eighth Circuit Court and recommending that the petition be summarily dismissed without prejudice for lack of jurisdiction. (#11-14)  On April 28, 2008, Judge Holmes adopted Judge Forster's findings and recommendation and dismissed the habeas petition without prejudice for lack of jurisdiction.  *Grant v. Norris*, No. 5:08CV00076 JLH-JFF 2008 WL 1932021 (E.D. Ark. Apr. 28, 2008).  On December 5, 2008, the Eighth Circuit denied the application for a certificate of appealability and dismissed the appeal.  *Grant v. Norris*, No. 08-3499 (8th Cir. Dec. 5, 2008).

On May 20, 2009, Mr. Grant filed still another § 2254 petition.  That petition was filed  in the United States District Court for the Western District of Arkansas, but it was

promptly transferred to this Court.  *Grant v. Norris*, No. 5:09cv00145 BD, (E.D. Ark. filed May 20, 2009).  In that petition, Mr. Grant again attacked his conviction for capital murder and battery in the first degree, claiming that the trial court erred in admitting into evidence the dying declaration and, thus, violated his Fifth and Fourteenth Amendment rights.  This Court granted a motion to dismiss filed by the Respondent and denied a motion for certificate of appealability,  *Id*. at docket entries # 18 and 24.

Mr. Grant filed a notice of appeal with the Eighth Circuit Court of Appeals.  The Court treated the notice of appeal as an application for certificate of appealability and denied the application on October 6, 2009.  *Id*. at #25 and #29.

In 2011, Mr. Grant filed a pro se petition for post-conviction relief with the state trial court under Rule 37.1 of the Arkansas Rules of Criminal Procedure, challenging the trial court's subject matter jurisdiction.  The trial court denied Mr. Grant's motion to proceed *in forma pauperis*, and Mr. Grant lodged an appeal in the Arkansas Supreme Court.  *Grant v. State*, CR 11-501, 2011 Ark. 309, 2011 WL 3136688, *1 (July 27, 2011).  The Arkansas Supreme Court dismissed the appeal, ruling that Mr. Grant's Rule 37.1 petition was not timely filed and noting that the time limitation imposed by the rule is jurisdictional.  *Id*.

On August 2, 2011, Mr. Grant filed another § 2254 petition.  He again claimed that the trial court lacked "subject matter jurisdiction on speedy trial issue"; he also argued ineffective assistance of counsel.  On September 15, 2011, Judge Holmes adopted this

Court's recommended disposition and dismissed the habeas corpus petition without prejudice for lack of jurisdiction. *Grant v. Hobbs*, No. 5:11cv00193 JLH, (E.D. Ark. filed August 2, 2011).

Mr. Grant filed another § 2254 petition on January 18, 2012. On February 13, 2012, Judge Holmes adopted this Court's recommended disposition and dismissed the petition without prejudice for lack of jurisdiction. *Grant v. Hobbs*, No. 5:12cv28 (E.D.Ark. filed Jan. 18, 2012).

Now Mr. Grant has filed the pending § 2254 petition. (#2) In this petition, he again contests the trial court's jurisdiction. He has also filed a motion to proceed *in forma pauperis*. (#1) For the reasons that follow, the Court will recommend that Judge Holmes dismiss Abraham Grant's current petition for writ of habeas corpus without prejudice, under Rule 4 of the Rules Governing Section 2254 Cases, as an unauthorized second or successive petition, and deny his motion to proceed *in forma pauperis* as moot.

## III.   <u>Discussion</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to summarily dismiss a habeas corpus petition prior to any answer or other pleading being filed by the State.[1] Summary dismissal is appropriate

---

[1] Rule 4 provides:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge

under Rule 4 where the face of the petition and court records, of which a federal district court can take judicial notice, indicate that the petition is a second or successive petition filed without authorization from the appropriate court of appeals. *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

Before filing a second or successive habeas application in district court under §2254, a petitioner must move in the appropriate federal court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). A panel of the court of appeals may authorize the filing of a successive petition only if the petition satisfies the requirements of § 2244(b).[2] *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Without an order from the court of appeals authorizing the filing of a second or successive habeas application, a district court lacks jurisdiction to hear the petition. *Id.* at 152-153, 157.

_____

must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

[2] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. *Id.* § 2244(b)(2).

From the face of the pending habeas corpus petition and court records, it is obvious that Mr. Grant's petition is yet another successive habeas corpus application. He challenges the same convictions in this petition as he has in his previous petitions. Additionally, the jurisdictional claims presented in this petition were presented and rejected in his prior petitions. The current case is the ninth federal case Mr. Grant has filed seeking reversal of his state capital murder and battery convictions in 2003.

Mr. Grant does not allege or provide any evidence that he has sought or received authorization from the Eighth Circuit Court to file a successive habeas petition. Accordingly, this Court lacks jurisdiction to entertain his petition.

## IV.   <u>Conclusion</u>

The Court recommends that the District Judge summarily dismiss Abraham Grant's petition for writ of habeas corpus without prejudice for lack of jurisdiction under Rule 4 of the Rules Governing Section 2254 Cases.

DATED this 20th day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE